Morning. Our first case is Sovereign Bank v. Remi Capital, No. 18-3319. Good morning, Your Honor. Morning. May I please report? I'm Alyssa Pointer, counsel for the Appellant GenZak Partners, LLC. Okay. And if I may, I'd request three minutes for rebuttal. That'll be granted. Thank you. The defendants in this matter expressly agreed, in clear and unequivocal language, that there was a post-judgment interest rate that would apply after judgment if a judgment entered under the note or the guarantee. Before you get there, let me ask you, do we have jurisdiction here? Didn't the district court in its order make it very clear, and he says as much, that there's some discovery issues on the horizon? The district court said the interest that will apply to this judgment is the statutory interest under 1963, and he also said the defendant can conduct post-judgment discovery. Well, the court said it cannot determine the amount until this discovery is complete. So does that leave something else to do? How can this be considered final? If the defendant conducts post-judgment discovery, and if the defendant then files a second motion under Rule 60B, then there would be a determination about the amount of the judgment that remains due. Right now we have a judgment, we have an amount of the judgment, and we have an order that says specifically post-judgment interest is going to accrue at the Section 1961 rate. But how would this work out practically, then? You want us to decide the Section 1961 issue, I guess, right? Yes, Your Honor. But no one really knows what the final amount is. Well, once we know what the interest rate is, then – That's part, but not all. Well, we believe we do know what the amount is. There's an affidavit in our record of appendix that shows exactly what has been received and applied to the judgment with the interest rate at the contract rate that we believe applies. The defendant has said there may be some other amounts that were paid to our predecessor in interest that we did not receive any documents about. He says he's conducted discovery. I haven't received any of that discovery. But the bottom line is this is all an if. He may never do anything. He doesn't have to do anything. He can just sit there, not pay the judgment. We don't know what judgment rate applies. Other ways you could bring this up. You could file a Motion 59E, motion to alter amend the judgment to reflect the interest rate. If that's denied, you could bring it up. You could file a Rule 69 motion. You could be trying to limit the discovery here with a protective order. So if we don't take jurisdiction now, there are still ways in which you can get the district court to one way or another rule on this issue, and then it comes up to us. I'm not sure that that's true because he has ruled on it. He's already made a final decision on the interest. I don't know how I would file a motion under Rule 60B to alter amend to add the interest rate when he's already said the interest rate is this. He said it, but he hasn't set it out in a separate judgment. And if you move to amend the judgment and the district court denies that, we have precedent that says a Rule 59 ruling is appealable. Right. But I think we also have precedent that says a Rule 60B motion that's been denied is appealable. And if you look at the Third Circuit's decision, and I'm going to mispronounce this, I apologize. I think it's Othorp or Otrup. I didn't know how to pronounce that either. But that court specifically says in post-judgment situations that the concerns about finality and about multiple cases coming up to the appeals court on piecemeal litigation is not applicable as much in post-judgment issues when there's a specific issue that's been decided. In that case, it was a withdrawal by counsel, a motion of withdrawal that was denied, and that came up and they said, yes, there's pending post-judgment discovery, but this particular issue has been fully determined by the district court, so we can rule on this issue. But the district court also says that it's unclear at this time the amount paid towards the consent judgment. There's an open issue here. Well, that's true regardless if we had filed a motion to alter an amend and get the interest rate or not, that he hasn't decided the issue on what's owed. But we have a judgment, a final judgment, in the amount of $1.565,000, $100,000. And we know that interest now, according to this order, is at a statutory rate that we don't believe should apply. That issue should be determined now because, again, if the defendant doesn't move again to ask for a determination of what amount is owed and he is not obligated to do that under the court's order, then we're still sitting here with a judgment that's over 10 years old that's not been satisfied and a ruling on the interest rate that we believe is wrong, and when can we bring it then? Do we need to file another motion to assert that what our accounting says is what it says and there's no new discovery? I mean, if he doesn't conduct the discovery, there's no order that he has to conduct the discovery. He may conduct the discovery. It's all in his hands, and this is a judgment debtor who hasn't paid the judgment that he consented to 10 years ago. Isn't this the ultimate in piecemeal litigation? Suppose we will determine the interest rate is either A or B and we send it back. Then all sorts of things still have to happen for a final judgment to be entered. Well, there is a final judgment. All that needs to happen now is to execute the judgment. So he may ask the court to decide that part of it has been paid. He may not ask the court to do that. He could pay us and then it would be over, but that doesn't change the fact that the interest rate issue hasn't been appealed. So we would have to come back and appeal the interest rate issue again after he says that he's paid everything, if he ever says that. Well, but what if you collect and you collect up to the point where he says, okay, this is all I owe under this interest rate. At that point, there's no question that you could bring that up to us when, you know, the district court refuses any further efforts to collect. Why not just keep collecting until that point? Well, we've tried, but there's nothing more to collect at this point. We're at a point where if the interest rate is the statutory rate, there's, I think, $50,000 owed. If the interest rate is the contract rate, which he specifically expressly agreed would apply after the judgment entered, then there's almost a million dollars owed. It's a very big difference. So having this issue determined now will largely determine how the rest of the judgment collection enforcement proceeds. So I think it is it's ripe right now. There is a final decision by this judge that the 1961 statutory rate applies, even though there's expressed clear language by the parties that that's not the interest rate that would apply to it. I understand your position, but you say there's another $50,000 to collect. Let's say you start collecting. Okay. And you collect up through that $50,000. Isn't your adversary then going to have to file some, you know, motion to determine satisfaction of the judgment at that point? You say he can delay forever. But if you keep collecting at some point, they're going to have to file something and say this is satisfied. And you certainly can take it up at that point. But at that point, the decision by the district court as to what the interest rate is has been two, three years ago. Is there I mean, we've already we've had a final decision on it, and then we have to wait until the judgment is fully paid before we can get to the interest rate issue, which is the heart of the decision that's before you. If you'd like to talk about the 1961 issue, you go ahead. I would. All right. I think it's important that the party's clearly agreed in the exact language that in the Nardo case, you said it would be sufficient to be the exception to the merger rule. They said we want judgment to the interest rate in this contract to apply post judgment, not the statutory rate. The guarantee even says that not the statutory rate, but the contract rate will apply post judgment. Don't final settlement documents take precedence? I don't think there is a final settlement document in this case. There is a consent judgment that just says the amount that's owed under the note and the guarantee. Didn't the parties have the opportunity to add terms? And we read the transcript. The judge said, well, I'm going to cut cut in order. You guys look at it, looked at it was fine. And that was it. The parties had the opportunity to put, I suppose, all of their agreements and all of the terms that they wanted to continue into the judgment. But maybe the parties didn't want to put those terms in and make it simple. Well, I think making it simple is the smart thing to do. Frankly, I don't think courts want to have a 20 page consent judgment entered. I think there were other terms that the defendant complied with, you know, other things that happened after the judgment that are not in the consent judgment. Like they assigned one of the mortgages that was discussed in one of the loan agreements, the security agreement. That's not in the consent judgment, but it happened after the judgment because that's what the contract said. So you're saying that all terms in all prior documents are operative? No, Your Honor. No, I'm not. I'm saying that under your Sinado decision, it says specifically if parties want to go around the merger rule, then they have to specifically say, we intend for this particular term in the contract to apply post-judgment. And that's exactly what these parties did. The guarantee and note both say specifically just these terms. The interest rate will apply post-judgment. The interest rate will apply before and after judgment. That is specifically in their contract. And those terms were never amended, were never altered. There's nothing in the consent agreement that says we're not going to comply with those provisions. It's a freedom of contract issue, really. The contract says what it says, and there's no reason not to enforce that. He knew that he signed that agreement. He knew he was consenting to a judgment on that agreement, and the agreement says if a judgment enters. But isn't the nature of a settlement? It's a disputed amount. I mean, the documents can say whatever they want, but isn't that the nature of a settlement, that parties amicably resolve it and just decide, all right, here's what it's going to be. We have a dispute. Here's what it's going to be. I don't think so in this case. There was not a settlement agreement. There's a consent judgment as to the amount that is owed, and the interest rate will apply on that amount. There's nothing in this that settles the interest. I mean, isn't that a matter of just terminology? I mean, all the parties agreed, and it ended the case. I don't know how that differs from a settlement agreement. Well, it ended a case. We got a final judgment, but, you know, we're still trying to enforce this judgment. And, you know, the defendants breached the contract. They agreed that they owed the amount under the contract. They agreed to a judgment entered on the contract. If they had paid the judgment, there would be no need to consider the post-judgment interest rate, no need to go to the court and ask for additional, you know, time and argument on a post-judgment interest rate that wouldn't need to be decided if they'd done what they were supposed to do. Now it's 10 years later, and they come in and say, oh, we don't owe a rate that we completely, clearly, unequivocally agreed would apply to the judgment because we didn't say we owed it. How do you respond to the argument that, you know, it has been 10 years, and yet only recently did your client bring up this interest rate in prior documents? Well, Your Honor, we have been actively enforcing this judgment in New York State. We had to obtain a receiver to sell one of the properties, and the bulk of what's been applied to reduce the judgment was from those efforts in New York State. It was such a large amount owed, and we hadn't gotten to interest yet. The principal hasn't been paid yet. Now that you mention that, it's another area I'd like you to probe a little bit. I mean, this receiver in another court, I mean, does that have anything to do with us? Does that impact at all? Maybe just describe what exactly is going on, if anything, right now with that. There is still a receiver over the debtors' estate in New York State. Nothing has happened. It's pursuant to New York's Supreme Court case, right? Yes, Your Honor, yes. Nothing has happened in that case. He has been requesting to be removed as receiver, and there's been some litigation about that ongoing. We did finally get his final account accepted, but it specifically incorporated into it the ruling in the district court as to the amount that was disbursed to my client, Jenzak, from the sale proceeds, because after multiple requests, the receiver continued to fail to do that, and that's part of the litigation of his failings of explaining what he was doing and the accounting of the sale proceeds. So it doesn't really have any effect on your decision or the district court's decision as to the interest on the judgment, but it is out there, and so that's why it's mentioned. Well, we appreciate that. Okay, thank you, counsel. We'll get you on rebuttal. Thank you. May it please the Court, my name is Mark Olinsky. I represent the appellee, Eric Kaiser. I'd like to make two main points on the substantive interest issue and then come back to the threshold jurisdictional issue. I'm going to tell you what the two main points are that I'd like to make, and then I'll explain them in more detail. Now, I parachuted into this case, actually, from my partner, Joe Fiorenzo, who has handled it below and is a very active trial lawyer, and because of his trial schedule, he asked me at the end of last week to dive in, and I did. We're always happy to see you, Mr. Olinsky. Thank you, Judge. I'm very thankful and happy to be here. And when I looked at these papers and immersed myself in them, the point that jumped at me from the brief of the appellant was the claim that Judge Sheridan had been aired by looking at what happened with the settlement and the consent judgment rather than diving back into these four different agreements and trying to figure out what the interest rate might be there. And I say might be because I'm going to come back to that. And the first point I'm going to make to you is that Judge Sheridan did the absolutely right thing to look at the record of the settlement and the consent judgment rather than trying to dive back into those documents and try to ascertain some interest rate from that. And then the second point I will get to, and I'll come back to the first in more detail in a minute, is I will be able to show you, I believe, that even if you were to conclude, which I don't think you should, that Judge Sheridan should have looked at the underlying documents, you still should land in the same place, which is that the statutory rate 1961 applies because even if you look at those documents, you don't get a clear, unambiguous, and unequivocal statement of an interest rate that should apply. Let me go back now to my first point. And I think this was sort of anticipated a little bit in the questions that were asked of my adversary. We cited a bunch of cases on page 25 of our brief, the Good Case, Third Circuit, the Mortallite case, Third Circuit, and Mortallite cites Janarone, which is a New Jersey state case. And New Jersey lawyers know very well that oral settlements are enforceable. I've actually had a trial over that issue, whether an oral, nonwritten settlement agreement was reached. So the underlying point of law here is that you can have a settlement agreement even if there's not one word of writing. The Good Case is a good example of that. There, there was an oral settlement. It did not get reduced to writing. There was actually a trial in the case, and this court, the Third Circuit, said no. There was a settlement agreement even before the trial, and that governs. So the starting point is that the governing issue here is what was in the settlement. And on that. Point to us in the appendix your best authority that the statutory rate applies. Well, where I'm going, Your Honor, and that may be to answer your question, is that Judge, what Judge Sheridan said, is that you've got to look at what the record was on the settlement. That's in the record. Where in the record do we find that? I noted it, and I put a tab on the page. I think it's page 393, I believe. I think you're right. Appendix 393. It's not long. And that's where he asked, what are the terms? And then once you tell me what the terms are, then I'll put it into a consent judgment, and then you can check that, too. And here's another very important point. When you assess that there was a settlement and that he was right, in our view, to ask what was in that settlement, there was actually a record on this appeal of evidence that was put in by the folks on our side of the case who said that there was no discussion about the interest rate and no intent to have anything but the default rate. And what Judge Sheridan said, he pointed that out, that there was no evidence put in to contravene that. And that's a factual finding that is entitled to deference in this court. So if you start with the point where we think you should and end where we think you should, which is, is there a clear, unambiguous, unequivocal showing of an intent to do something but the statutory rate, the standard that has been adopted by a bunch of other circuits, you come out with on the record of a settlement agreement, there is no such satisfaction of that standard. Should the sparseness of basically the settlement point us to other documents that may still be enforced, like your adversary says? Well, I don't think it should, but that is a perfect segue, Your Honor, to the point I want to go to next, which is even if you look at the underlying documents, that they come out in the same place. And here I would point you to, it's actually my adversary's brief, and it's quoting language from the appendix of page 84. But I'm specifically going to focus you on the brief because it's interesting what language they highlight. Page 8 of their brief. That's the primary language that they're focusing on. They're focusing on the guarantee and the note, and then they don't pay any attention to the two other agreements. Now, as a beginning of this, those agreements are all over the place. You have one rate in the guarantee, prime plus x. You have that rate in the note, prime plus x. And then you have one of the other two agreements. There's an all-asset agreement and there's a warehouse agreement. And one of them, I forget which it was, says prime plus zero. And one of them says nothing. So the documents themselves are not clear, unambiguous, and unequivocal. But when you go to the actual language of the guarantee, which is the primary language that they are focusing on, they lose right there, in my view. So it's the middle of page 8, and there's the block quote. And it's very interesting what they highlight and then what they don't. So it starts with any judgment. That's highlighted. Any judgment. Any judgment at all, right? No, not any judgment. Any judgment entered against Kaiser pursuant to this agreement shall bear interest at that rate. That's critical language, pursuant to this agreement. There was no judgment entered pursuant to a guarantee. That goes back to my first point. This was a judgment that was entered pursuant to a settlement agreement that was oral. The judge was there presiding over the negotiations, if you will. And then it was reflected in writing, which it didn't have to be under New Jersey law. This was a judgment entered pursuant to a settlement agreement. So even on the face of the guarantee, you do not have the application of prime plus six. You just don't have it there. And you don't get it under the other agreements either, because the note doesn't give it to you any more than that does. And then you have different rates under the other two agreements, prime plus zero and no rate at all. So thank you for that question, Judge Sagar. It took me to the point I wanted to get to, which is even if you were to do what I don't think you should do, I don't think you should go to the underlying documents. When you go to the underlying documents, you do not get a satisfaction of clear, unambiguous, and unequivocal. Those are the points I wanted to make with regard to 1961. Let me turn to jurisdiction and then I'll sit down. Well, if in your discussion, I mean, what is very concerning to the court is something your adversary has brought up. I mean, we don't want to effectively deny meaningful appellate review to anyone. Isn't there a real chance that can happen here? Well, I don't think so. And that's, you know, like I said, I dove into this at the very end of last week and spent a lot of time over the weekend. And I asked myself the same question because if I were in your chair, I would be asking that question too. And I don't think there is a genuine risk of that. And I was taken by something that was, again, it was in my adversary's brief. I think it's one of the cases that we cite. But they say that one of the quotes that they gave was that you should take a practical rather than a technical approach to the question of finality. And so I've tried to do that. And I think, Judge Chigaris, you actually used the word to be practical in one of your opening questions to my adversary. So you start with what this motion was for. And it's reflected on the docket. It's also reflected, obviously, in the underlying notice of motion. It was a motion for either full or partial satisfaction. And it was a motion if we need to get discovery to figure out how much was paid, whether this Keller loan was paid, whether there was anything else collected that would bring it up to top it off to the full amount. And Judge Sheridan said that he had authority to grant partial or complete relief. But, excuse me, I dropped my pen top. But he said, I just don't have sufficient facts to do that at this point. And that brings me to the actual order. And here's where I want to be practical and not technical. Where are you reading from? It's on appendix page 10, the last page of it, of the decision with the order. And I just want to go through that with you and spend a little time particularly on the last paragraph of it. The first one is the interest rate determination. The second one is the one that says we may serve discovery to determine the status of that outstanding Keller loan and any other payments that may have been made towards the consent. Has that been done? I checked on that with a colleague in my office. I think we have the discovery. I haven't looked at it. I don't frankly know what it says. I don't know if it shows that anything's been collected or not. But the discovery has been done. Do we have a timetable, a schedule, a date, a cutoff, anything that keeps you from dragging this out? No, but I will address what our – I don't have a timetable. It's not in this order. Let me – I'll go through what I think this order has in mind and then tell you what I think are the practicalities. Has discovery served on opposing counsel? I can't answer that because I wasn't there. I assume that the copies of the discovery went, but it's only an assumption. I don't know. I don't know. I can't answer that question. It's not in the record, and I didn't think to ask it. Maybe your officer could help us when she's up later. That's okay. We'll get you. Because this was nearly 18 months ago. Yeah. I checked again. I checked with my colleague in the office. We have the discovery. The way I understand it, based on the record and what – Have the discovery of the discovery quest pending, ready to go? What do you have? No, I believe we got the discovery. We got – I was told – it's not in the record. I can't point to it in the record. I asked my associate, did we get the discovery, because it said in our brief that we had issued it, and then we would – and then the court was divested of jurisdiction by the filing of the notice of appeal. So what our brief says is that we sent it out, and while – whatever – in the time period to file the notice of appeal, the court was divested of jurisdiction, so we couldn't follow up on it. So I believe the inference is we would have had we been able to before Judge Sheridan, but we couldn't because Judge Sheridan did not have jurisdiction anymore. So anyway, you get to the last paragraph. And I was kind of thinking with my – I have my three minutes left, Your Honors, that I kind of was thinking back to elementary school, the 1960s. Back then, we diagrammed sentences. And I don't – I asked my associate – he's in his 30s. Did you guys do that? No, that's something he never heard of. I'm trying to figure out this final ordered paragraph. And the beginning of it is ordered that the defendant's motion to declare the judgment has been satisfied is denied, okay? And then you have – and I don't know what you call it, you know, with the technical phrase and grammatically. I probably did know it back in the 60s or 70s. But then you basically have the judge's explanation as to why he is. As at this time, the court cannot determine the amount remaining due under the consent judgment, including the interest owed on the consent judgment, okay? And then you get the rest of it, okay, until the remaining discovery issues are resolved. So what the real order is, I think, is if you kind of diagram this thing out, that he's saying it's denied. Then he's giving you his explanation as to what he's doing. His reason, basically, I can't figure it out right now because I don't have all the numbers. And then he says, until the remaining discovery issues are resolved. Now, that is, I think, a clear statement by him that he intends to revisit this, okay? That's the way we took it. And I think it's what my adversary took it as, too, because in their own brief, they say this was denied without prejudice. That's their language. Now, frankly, the words without prejudice don't appear anywhere in the order. But that's the import of it, not just us. They say it in their brief. And if you need it, I can go tell you what page it is. Actually, I can tell you right now. It's on top of page 17. They say it was denied without prejudice. So both sides realize that, okay? The last thing I would like to do is – Oh, no. If we can get back to my question. I mean, we're concerned again about denying them, you know, appellate rights. Now, your adversary pointed out that there's a real concern that this could get dragged out and this could never come back around. That's where I was going, Judge, because there's two points that I took on what they said that I would like to be able to reply to. Okay. And one of them is that. So let me do that one first. Great. Okay? And the other one is on one particular case that they cited that I think is highly distinguishable. And so I had the same concern you did. I asked that question to my associate helping me prepare over the weekend. I said, you know, what if the court says to me, you know, does this come back to Judge Sheridan or not? What he pointed out to me as a practical matter, to be practical under Third Circuit law, which you tell us to do on questions of finality, is that we have every incentive – I'm going to address this question from our perspective and from theirs. We have every incentive to go back and do what we were going to do when the court was divested of jurisdiction below. And that is to get the number. Remember, that's what we went to to begin with. And that's frankly how we stop them from potentially over-executing. Because once we have a number from the court below, we can show the court in New York that it's fully satisfied or how much is left. Yeah, but the way things – we'll keep going. It's okay. Okay. But the way things stand, you're going – it's a very low interest rate right now, right? It is. It's the point – That works for your client. But we have an interest whether we pay it or not. We have an interest in going and getting the total amount figured out so we can know how much we owe. So I believe we are the – Trying to divest yourself of a judgment, I guess. Yes. But as I think Judge Bibas pointed out, and I haven't checked all those rules coming in today in prepping, I have to admit, but I did have the same concern you did, which is do they have the ability, if they feel that we're dragging our feet, which I don't think we have an interest in doing, but if they feel we're dragging our feet, can they go in and just say, Judge, please liquidate the total amount. We disagree with you on the interest, but please liquidate it with – here's the final math, okay? Please liquidate the amount. Apply that interest rate so that we can take it to the third party. So you do not dispute that they could move for protective order from discovery, cut it off at some point, and could take an appeal off that? I hadn't thought of it as a protective order. Well, a Rule 59 motion to alter or amend the judgment, they could do that. If the judge said, denied, I'm not putting the interest rate in there, they could appeal from that. I'm thinking on my feet, Judge. I believe you're right. I believe – And a motion – Rule 69, a motion to say, okay, the judgment is not satisfied, we're entitled to more, and if that's denied, they're not allowed to execute further, they could also appeal from that. Judge, honestly, I have not checked those rules to be able to answer your questions as specifically as I would like, but I believe that they have remedies to be able to go back to Judge Sheridan because Judge Sheridan left it hanging to say to him, Judge, you said you can't figure this out until that discovery is taken. They could either, whether it's a protective order to say, hey, discovery, schmovery, you know, they didn't come to you, Judge, let's just cut it off. If you're dragging your feet, if you're trying to drag this out, you don't get to play a delaying game forever. That's my point. You understand. My point is I can't – I wish I had better answers for you on the specifics of their remedies, but I believe they have remedies to say, Judge, we can't be hanging out here. You said that you can't figure it out until the discovery is taken. You gave them a fair chance to come in and take discovery. You gave them a fair chance to come back and apply for an order. They didn't do it. They shouldn't be, you know, profiting, if you will, from a low interest rate. Please liquidate the final amount so we can take it up on appeal. I believe that they could do it. I wish I was better prepared to tell you exactly how, but I'm not. But I believe they have remedies. Earlier you talked about you had every incentive to move this litigation along. But there was – the judge's order was filed on the 24th of September, and you had about three weeks before the notice of appeal was filed. Nothing was done to request discovery during that window. Is that right? No, no, that's not right. I believe that what we say in our brief is that we did issue the discovery. In that window where the judge still had jurisdiction. That's what we say in our brief, that we issued that discovery. I am told outside this record by my colleague that we have it, but that we didn't get it in time to be able to make the motion before the district court was divested of jurisdiction. So that's where we were headed. I don't want to jam you up, but are you telling us that if we do as you suggest and dismiss for lack of jurisdiction that discovery will proceed immediately? I am telling you that, but I'm not really telling you what I wish, frankly, because I'd be perfectly happy to get a ruling, which I think is the right ruling, that 1961 applies. But I obviously am concerned that this court is legitimately concerned that it would be issuing a decision in something where it may not have jurisdiction. Right. So frankly, I'm fine with wherever you come out, because I think ultimately if we're back here I'm confident that 1961 is the right rate. If that gets decided now, fine with us. If you decide that you don't have jurisdiction and you're concerned about issuing an important decision that I think would be a new one in the Third Circuit on what the standard would be for this kind of a question without having a solid basis in jurisdiction, I get it. But either result is fine with us. All right. Thank you, counsel. Thank you. We'll hear from your officer. Just a few minor points. First on the jurisdiction issue. In theory, we could go back and do exactly what we've already done. We could say this is the amount that has been paid towards the judgment, this is what we believe the interest rate should be, this is the amount that's still owing on the judgment. If you look at page A0388 in the appendix, we submitted it. Which page? A388 in the appendix. There's a certified accounting where we did exactly that. We said this is the amount that has been collected, this is our interest rate we're applying at the prime plus 6% rate, that's the contract rate, this is how much is owed. They raised all these ideas about potential payments that could have been paid and wanted discovery, and the judge said, you know, interest rate is absolutely not what you say it is, and I'll let you do some discovery and see if there's some more payments that go into this. So I'm not going to decide right now what's actually owed. There's no reason that that decision wouldn't be exactly the same if we went back and did that right now, because there is no information. We have not received discovery requests that were submitted. I haven't seen any responses to those discovery requests. How long has it been? At least 18 months, and I haven't received anything from my adversaries with regard to discovery, and I'm not aware if our predecessor received any discovery. I haven't heard anything from them either. So the interest rate issue has been determined. If we go back and he finds something in discovery and it reduces the amount from $60,000 to $45,000, we'll still be back here on the same issue that we've now fully argued and briefed, and I think in the interest of justice and the law, there's plenty of case law that's cited in our brief that shows that you can take jurisdiction of this particular issue that has been fully and finally decided. There's nothing further for the district court to do right now on this matter. With regard to his other arguments, there were four agreements that were pled in the complaint. There were four counts, one for a loan agreement, which specifically says that the amount owed under the loan agreement is evidenced by the note. There was an all-asset security agreement that sought no money damages. It just sought to take over the collateral that was securing the loan, so the interest rate in that agreement is irrelevant. And then there were the note and the guarantee. The language in the note and guarantee specifically say that, let's see, what was it, page 8? Any judgment, this rate will apply. Before and after judgment, this rate will apply. In a number of cases, courts considering exact, almost exact, if not verbatim language like this, have said that that is sufficient to override both Section 1961. Your adversary makes a couple of points. One is that one of the documents is prime plus zero. The other is prime plus six. Another argument was that this is an oral settlement. It's not a judgment entered pursuant to this agreement. What do you say in response to those two points? The prime plus zero percent was in the all-asset security agreement, which we didn't seek any money damages on that agreement. Keep going. Thank you. And with regard to the settlement agreement, I don't believe there was a settlement agreement. There was a consent judgment that says this is the amount that was owed. Parties are not required, as far as I know, to enter all of the terms of why they're settling on the record and into a consent judgment. The judge asked, does this settle the matter? Does this resolve all the claims? Yes, this is the amount they owed. There's still a contract that hasn't been amended, hasn't been waived. The contract specifically says it cannot be altered or amended unless there's a signed in writing by the bank, which there is none. And there's another provision that says silence is not a waiver. The consent judgment is silent. It doesn't say anything about interest. That doesn't mean that the party's contract that clearly says it intends that provision to apply after the judgment enters is somehow invalid because it wasn't reaffirmed at the time the judgment entered. Did you have any other points you wanted to make? No, Judge, I think that's it. Thank you. Thank you so much. Thank you, counsel. Well, we thank counsel for excellent arguments, both oral and written. We'll take the case under advisement.